Filed 11/30/22  P. v. Williams CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>EZRA WILLIAMS,<br><br>        Defendant and Appellant. | A162867<br><br><br>(Humboldt County<br>Super. Ct. No. CR1700653) |

Defendant received a sentence of 51 years to life after being convicted of three counts of second degree robbery (Pen. Code, § 211; counts 1–3)[1] and admitting two prior serious felonies (former § 667, subd. (a)) and two prior strike convictions (former § 667, subds. (b)–(i)).  To reach this sentence, the trial court dismissed defendant's prior strikes as to counts 2 and 3 but imposed 10-year terms for his two prior serious felonies.

When defendant's sentencing hearing was held in September of 2018, section 667, subdivision (a) required a five-year enhancement for each prior serious felony, and the trial court had no discretion to strike it.  (Former §§ 667, subd. (a), 1385, subd. (a).)  However, on January 1, 2019, Senate Bill No. 1393 (2017–2018 Reg. Sess.) went into effect.  This bill amended former

---

[1] Unless otherwise stated herein, all statutory citations are to the Penal Code.

1

sections 667 and 1385 by eliminating the restriction on a trial court's ability to strike a prior serious felony enhancement. (Sen. Bill No. 1393 (2017–2018 Reg. Sess.).) Based on this change, defendant successfully argued on appeal that the amendatory statutes applied retroactively and required the court to remand his case to the trial court for reconsideration. On April 22, 2020, we affirmed defendant's conviction but returned the matter to the trial court to exercise its new discretion to consider whether to strike any of defendant's prior serious felonies.[2] (*People v. Williams* (Apr. 22, 2020, A155671) [nonpub. opn.].)

On remand from our prior opinion, the trial court reconsidered defendant's sentence under the newly amended statutes but, ultimately, declined to strike any of the prior serious felony enhancements. The trial court thus confirmed defendant's sentence of 51 years to life.

Now before this court a second time, defendant contends the trial court's refusal to strike any of the serious felony enhancements pursuant to the amendatory versions of sections 667 and 1385 was an abuse of discretion and a violation of his constitutional rights to due process and a fair trial. We disagree and affirm his sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

Between December 23, 2016, and January 20, 2017, defendant committed three armed robberies in the City of Eureka. In the first robbery, on December 23, 2016, defendant and an accomplice entered a bank wearing bandannas and carrying what appeared to be handguns. They ordered the people present to get down, not to press any alarms, and to hand over money. They escaped with about $11,000 from a teller as well as money from a

---

[2] We grant defendant's request for judicial notice of the record in his prior appeal, No. A155671.

customer who was depositing cash. In the second robbery, on January 12, 2017, defendant and an accomplice robbed a sandwich shop. The men were again wearing bandannas and carrying what appeared to be handguns. Upon entering the store, they ordered an employee to hand over the money in the register, which totaled about $700. Finally, on January 20, 2017, defendant and an accomplice entered another bank wearing ski masks and carrying (again) what appeared to be handguns. They ordered the employees to lie down before taking and escaping with $5,300.

On April 30, 2018, a jury found defendant guilty of three counts of second degree robbery. Defendant then admitted two prior serious felony convictions (also robberies) for purposes of the enhancement under former section 667, subdivision (a)(1), and two prior strike convictions for purposes of the enhancement under former section 667, subdivisions (b)–(i).

At sentencing on September 7, 2018, the trial court sentenced defendant to a total of 51 years to life, which included 10-year terms for the prior serious felonies. The court dismissed two prior strike convictions.

Senate Bill No. 1393 (2017–2018 Reg. Sess.) became effective on January 1, 2019, while defendant's appeal from his conviction was pending in this court. We affirmed defendant's conviction but remanded to the trial court so it could determine in the first instance whether to strike the enhancements imposed under section 667, subdivision (a)(1), pursuant to the discretion that was newly granted to judges by Senate Bill No. 1393.

On remand, the trial court accepted a letter of support from defendant's former appellate counsel, and then heard argument from counsel and a statement from defendant. Afterward, the court declined to strike either of defendant's prior serious felony enhancements and confirmed his previously imposed sentence of 51 years to life.

3

On July 12, 2021, we granted defendant's request to deem timely his notice of appeal filed June 18, 2020.

## DISCUSSION

Under section 1385, subdivision (b)(1), as amended by Senate Bill No. 1393, a trial court is authorized to strike a defendant's prior serious felony enhancement "in the furtherance of justice . . . ." (Stats. 2018, ch. 1013, § 2; see *People v. Stamps* (2020) 9 Cal.5th 685, 702 ["Senate Bill 1393 was intended to bring a court's discretion to strike a five-year serious felony enhancement in line with the court's general discretion to strike other enhancements"].) The sole issue in this appeal is whether the trial court abused its discretion by declining to strike one or both of defendant's prior serious felony enhancements.[3] (*People v. Shaw* (2020) 56 Cal.App.5th 582, 586 [applying abuse of discretion standard to court's denial of defendant's post-Sen. Bill No. 1393 request to strike serious felony enhancement]; *People v. Brooks* (2020) 53 Cal.App.5th 919, 926–927 [same].)

The relevant record reflects that at a contested hearing on December 8, 2020, the trial court heard argument from both counsel and a lengthy statement by defendant. Among other things, the court heard that defendant, while incarcerated the prior two years, engaged in intensive drug treatment (including cognitive behavioral therapy and medication); received two certificates from the Anti-Recidivism Coalition; completed courses in options recovery services, motivational enhancement therapy, personal growth, personal success, resume and job training, and integrated fines;

---

[3] Defendant also expresses his sentencing challenge in constitutional terms, claiming a violation of his due process rights. However, he provides no legal authority for viewing his challenge through this lens. We therefore deem his constitutional argument forfeited. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

participated in a prison arts collective course; and planned to enroll in a 16-month paralegal course through the Blackstone Career Institute. The court also accepted a letter on defendant's behalf from his former appellate counsel, who was impressed with defendant's positive attitude and efforts at self-improvement in prison. Defendant's former counsel noted in particular that he had become involved with the Compassion Prison Project, which would soon be publishing one of his stories.

At the completion of the hearing, the court nonetheless declined to strike one or both of defendant's prior serious felony enhancements. The court identified several reasons for its decision. Most importantly, the court explained, defendant initially faced 105 years to life based on his crimes and criminal history. In the court's words, defendant, although bright and articulate, had been a "one-person crime wave," committing the present string of three robberies shortly after being released from a six-year prison term for two previous robberies. As such, defendant "fit[] squarely in what was intended by the legislature in the Three Strikes legislation." Yet, the court had already gone out on a limb to dismiss defendant's prior strike enhancements with the little discretion afforded under the prior law. "[B]ut for the fact of those nickel [i.e., serious felony] priors, I would not have struck the [section] 667(b) through (i) . . . . I would have left both of the strikes intact . . . ."

Additionally, the court referenced evidence that defendant had "glorified" his criminal lifestyle, sporting a T-shirt or sweatshirt with the phrase " 'Robbery 707' " across it, and had "taunt[ed]" the investigating detective by leaving a note for him in a hotel room before fleeing to Mexico.

Lastly, the court commended defendant for his prison behavior and encouraged him to keep it up. The court noted that even if the prior serious

5

felonies remained, defendant's parole date would be "about the same" notwithstanding any further changes in the law.

On this record, we find no abuse of discretion. The trial court considered the relevant factors, including defendant's criminal history, his attitude toward crime and law enforcement (including his T-shirt or sweatshirt and taunting note), and his positive prison behavior, before reasonably concluding it would not be "in the furtherance of justice" to strike either of defendant's serious felony enhancements. (*People v. Shaw, supra*, 56 Cal.App.5th at p. 587 [no abuse of discretion where "the trial court evaluates all relevant circumstances to ensure that the punishment fits the offense and the offender"]; *People v. Brugman* (2021) 62 Cal.App.5th 608, 640 ["In light of [defendant's] criminal history, the conclusion that [he] does not lie outside of the spirit of the Three Strikes law and that it would not be in furtherance of justice to strike the five-year enhancement for his prior serious felony is not 'so irrational or arbitrary that no reasonable person could agree with it' "].) Nothing more was required under California law.[4] (See Cal. Rules of Court, rule 4.410(a)(1)–(3), (7) [identifying multiple objectives relevant to a trial court's sentencing decision, including protecting society, punishing the defendant, "[e]ncouraging the defendant to lead a law-abiding life in the future and deterring him or her from future offenses," and

---

[4] Defendant directs us to statutory amendments that went into effect after this hearing as a further basis for challenging the trial court's ruling. However, defendant provides no legal authority for applying these recent enactments to his case for purposes of this appeal. He merely points to these enactments as an example of the ameliorative trend in our sentencing laws. (E.g., Sen. Bill No. 81 (Reg. Sess. 2021–2022) [amending § 1385 to require dismissal of an enhancement if it is in the furtherance of justice and if no initiative statute prohibits such action; applicable to all sentences imposed on or after January 1, 2022].) We therefore decline to consider them here.

achieving uniformity in sentencing]; *People v. Brooks, supra,* 53 Cal.App.5th at p. 927 [no abuse of discretion where "[the court] selected a valid sentencing objective as having more import than another valid sentencing objective that might have suggested a different disposition"].)  Accordingly, the ruling stands.

## DISPOSITION

The judgment is affirmed.


                         _____

                         Jackson, P. J.

WE CONCUR:


_____

Simons, J.


_____

Wiseman, J.*

A162867/*People v. Ezra Williams*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.